UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK HERNANDEZ-PEREZ,

      Petitioner,

  v.                                Case No.:  2:26-cv-01380-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al.*,

      Respondents,

                             /

## OPINION AND ORDER

Before the Court are petitioner Frank Hernandez-Perez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Hernandez-Perez is a native of Cuba who was paroled into the United States in 1980 and later became a lawful permanent resident.  From 1991 to 1995, he was convicted of burglary seven times and grand theft five times.  An immigration judge ordered him removed in August 1996.  Immigration and Customs Enforcement ("ICE") detained him from September 9 to December 18, 1997.  On February 24, 2004, Hernandez-Perez was convicted of burglary and grand theft and sentenced to 30 years in prison.  He completed his sentence on February 14, 2026.

On February 10, 2026, ICE notified Hernandez-Perez it revoked his release under 8 C.F.R. § 241.13(i) because he violated a condition of release and because there is a significant likelihood of removal in the reasonably

foreseeable future.  ICE conducted an informal interview and took Hernandez-Perez into custody that day.  Hernandez-Perez argues his detention is unlawful because there is no significant likelihood of removal in the reasonably foreseeable future, no material change in circumstances justify re-detention, and ICE failed to follow proper procedures for revocation of release.

Even assuming there is no significant likelihood of removal in the reasonably foreseeable future, Hernandez-Perez's current detention is lawful. 8 C.F.R. § 241.13(i) allows ICE to revoke release when a noncitizen violates a condition of release.  Hernandez-Perez violated a condition of his release by committing burglary and grand theft.  ICE complied with § 241.13(i) by providing Hernandez-Perez written notice of the reasons for revocation and an opportunity to address those reasons in an informal interview.  Hernandez-Perez "may be continued in detention for an additional six months in order to effect [his] removal, if possible, and to effect the conditions under which [he] had been released."  8 C.F.R. § 241.13(i)(1).  After that six-month period, Hernandez-Perez may request review of his detention by the HQPDU.  *See* 8 C.F.R. § 241.13(j).

It appears ICE has thus far complied with the applicable regulation and afforded Hernandez-Perez the process he is due.  His detention is lawful.

Accordingly, it is hereby

**ORDERED:**

Frank Hernandez-Perez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record