UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK HERNANDEZ-PEREZ,

      Petitioner,

    v.                          Case No.:  2:26-cv-01380-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al.*,

      Respondents,

---

**OPINION AND ORDER**

Before the Court is Frank Hernandez-Perez's Motion for Reconsideration (Doc. 13).

The decision to alter or amend a judgment under Rule 59(e) is an extraordinary remedy "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty, Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)). "The only grounds for granting a Rule 59(e) motion are newly-discovered evidence or manifest errors of law or fact." *Gordon v. Soc. Sec. Admin.*, Comm'r, 625 F. App'x 512, 513 (11th Cir. 2015) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "A Rule 59(e) motion cannot be used to relitigate old matters or present evidence that could

have been raised prior to the entry of judgment. *Id.* (citing *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)).

Hernandez-Perez is a noncitizen subject to a final order of removal and currently in immigration detention. Immigration and Customs Enforcement ("ICE") previously released him under an order of supervision. Hernandez-Perez violated the order by committing burglary and grand theft. Following his release from prison, ICE revoked the order of supervision and detained him. The Court denied his habeas petition because regardless of the likelihood of prompt removal, ICE has discretion to detain noncitizens subject to removal orders who have violated conditions of release. *See Zadvydas v. Davis*, 533 U.S. 678, 695 (2001). What is more, ICE complied with the regulations governing revocation of release. *See* 8 C.F.R. § 241.13(i). The Court noted that Hernandez-Perez is entitled to request review of his detention by the HQPDU every six months.

Hernandez-Perez asks the Court to reconsider because (1) he has not received custody review by the HQPDU, (2) there is no significant likelihood of removal, and (3) his re-detention was premature and procedurally defective. None of these arguments warrant reconsideration. As the Court explained in its prior order, Hernandez-Perez is not yet entitled to HQPDU review because he has not been in ICE detention for six months, his detention is lawful regardless of likelihood of removal, and ICE followed the proper procedures

when revoking his release.  Accordingly, Hernandez-Perez's motion (Doc. 13)

is **denied**.

      **DONE AND ORDERED** in Fort Myers, Florida on June 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record